IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00489-PAB

BETTY VENTURA,

     Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

     Defendant.

---

## ORDER TO SHOW CAUSE

---

     The Court takes up this matter *sua sponte* on Defendant's Notice of Removal [Docket No. 1], filed by defendant State Farm Automobile Insurance Company ("State Farm"). State Farm asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5.

     In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  State Farm asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 5.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  The allegation regarding plaintiff's citizenship, however, is not well-pled.

The Notice of Removal asserts that plaintiff has been domiciled in Colorado since at least 2018 because plaintiff has been a resident of Colorado since 2018, has attended all of her medical treatment in Colorado, and titled her vehicle in Colorado. Docket No. 1 at 2, ¶ 6.  Residency, however, is not synonymous with domicile, *see*

*Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). The complaint merely alleges that plaintiff is a resident of Colorado. Docket No. 1-1 at 1, ¶ 1. Though a party's vehicle registration can be indicative of domicile, it is not determinative. Defendant states that "Plaintiff has attended all of her medical treatment in Colorado." Docket No. 1 at 2, ¶ 6. However, this statement is not sufficiently detailed to be material. If plaintiff attended two medical appointments in 2018, it would provide little indication of domicile. If plaintiff attended many medical appointments from shortly after the accident to the present, it would be an indication of domicile. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014) (stating that courts should "consider the totality of the circumstances" to determine a party's domicile); *see also Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith*, 445 F.3d at 1260 (citing *Keys Youth Servs., Inc. v. Olathe*, 248 F.3d 1267, 1272 (10th Cir. 2001)).

Because the allegation regarding plaintiff's citizenship is not well-pled, the Court is unable to determine the citizenship of plaintiff and whether the Court has jurisdiction.

*See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

        **ORDERED** that, on or before **May 3, 2021**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

        DATED April 19, 2021.

                    BY THE COURT:

                    PHILIP A. BRIMMER
                    Chief United States District Judge